# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAWYER COLE, | ) |
|                Plaintiff, | ) Civil Action No. 2:19-cv-00375 |
| v. | ) Chief United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| CENTRAL GREENE SCHOOL DISTRICT, et al., | ) |
|                Defendants. | ) |

## MEMORANDUM ORDER

Presently pending before the Court is a motion for reconsideration, entitled "Rule 72 Objections to Magistrate's Order," (ECF No. 26) filed on behalf of Plaintiff. For the following reasons, the motion is denied.

A Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir.2013) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)). The standard that a party must meet to prevail on a motion for reconsideration is high. *Berry v. Jacobs IMC, LLC*, 99 Fed. Appx. 405, 410 (3d Cir. 2004) (unpublished). "Motions for reconsideration under Rule 59(e) are granted sparingly '[b]ecause federal courts have a strong interest in finality of judgments.'" *Jacobs v. Bayha*, Civ. A. No. 07–237, 2011 WL 1044638, at *2 (W.D. Pa. Mar. 18, 2011) (unpublished) (quoting *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D.Pa.1995)). "Because of the interest in finality, at least at the district court level ... the parties are not free to

relitigate issues the court has already decided." *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Pa.1998) (citing *Rottmund v. Continental Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D.Pa.1992)); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) ("Rule 59(e) … 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'") (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)).

Plaintiff asserts that the Court should not have considered the transcript of the expulsion hearing, which he himself relied upon in the Complaint. Defendants attached the transcript to their motion to dismiss in support of its arguments. *Sands v. McCormick*, 503 F.3d 263, 268 (3d Cir. 2007) (when deciding motion to dismiss district court did not err in considering transcript of the preliminary hearing, which was a public document and had a bearing on the controversy); *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document). In addition, Plaintiff herein did not object to the use of the transcript in his brief in opposition and therefore waived the objection. *Daugherty v. Adams*, No. CV 17-368, 2019 WL 7987859, at *13 (W.D. Pa. Nov. 15, 2019), report and recommendation adopted sub nom. *Daugherty v. Tiversa Holding Corp.*, No. CV 17-368, 2020 WL 467828 (W.D. Pa. Jan. 29, 2020) ("With respect to waiver, waiver occurs if plaintiff has an opportunity to make an argument in response to defendant's motion to dismiss and fails to do so) (citing *Dreibelbis v. Scholton*, 274 F. App'x 183, 185 (3d Cir. 2008), wherein court held argument was waived where plaintiff "had ample opportunity to make this argument in response to defendants' motion to dismiss and failed to do so"; *Griglak v. CTX Mortg. Co.,* No. 09-5247, 2010 WL 1424023, at *3 (D.N.J. Apr. 8, 2010), wherein court held the failure to respond to a substantive

argument to dismiss a count, when a party otherwise files opposition, results in a waiver of that count." and *Hollister v. U.S. Postal Serv.*, 142 F. App'x 576, 577 (3d Cir. 2005), finding party's failure to oppose an argument raised in a motion to dismiss constitutes waiver of the same). Furthermore, the Plaintiff himself referenced the testimony contained in the transcript multiple times in his opposition brief. He cannot now expect the Court to ignore it.

In addition, the Court overrules Plaintiff's objection insofar as he is incorrect when he argues the Court erred in holding that state law notification requirements determine whether he stated a federal constitutional claim. *Shuman ex rel v. Shertzer v. Perm Manor Sch. Dist.*, 422 F.3d 141, 150 n. 4 (3d Cir. 2005).

Because Plaintiff has not shown an intervening change in the controlling law, the availability of new evidence that was not available when the court issued its order, the need to correct a clear error of law or fact or to prevent a manifest injustice, the motion for reconsideration (ECF No. 26) is DENIED.

Dated: March 26, 2020

                                                                         s/*Cynthia Reed Eddy*
                                                                          Cynthia Reed Eddy
                                                                          Chief United States Magistrate Judge